IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UPSITE TECHNOLOGIES, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| SEALEZE, INC., | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| Defendant. | : | |

**PLAINTIFF UPSITE TECHNOLOGIES, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Upsite Technologies, Inc. ("Plaintiff") states as follows for its complaint ("Complaint") against Sealeze, Inc. ("Defendant"):

**THE PARTIES**

1.  Plaintiff, Upsite Technologies, Inc., is a Delaware corporation with its principal place of business located at 2904 Rodeo Park Drive E., Building 150, Santa Fe, NM 87505.

2.  Upon information and belief, Defendant is a Virginia corporation with its principal place of business at 8000 Whitepine Road, Richmond, Virginia 23237.

**JURISDICTION AND VENUE**

3.  This is an action arising under the patent laws of the United States, 35 U.S.C. §101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and §1338(a). A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district. As such, Defendant should reasonably expect that its activities might have consequences herein.

4. Defendant is subject to this Court's personal jurisdiction because, on information and belief, (1) it is a Virginia corporation and/or has designated a registered agent in this district; (2) it does substantial business in this district; (3) it produces infringing brush seal closure for raised computer floor cable entrances, which are available to its customers including customers in this district; and/or (4) it regularly solicits business from, do business with, and derives revenue from goods and/or services provided to customers in this district.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(c) and §1400(b) because the Defendant is incorporated, resides, is registered to do business in, and/or engages in significant business activities in this district as set forth in paragraphs 2-4 above.

6. Further, one of Plaintiff's largest distributor, to wit, is located in this judicial district.

## THE ASSERTED PATENTS

7. On October 14, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No.: 6,632,999 ('999 Patent) to Arthur T. Sempliner et al., for an invention entitled "Toolless, Self Closing Floor Grommet Closure For Cable Openings And the Like In Raised Floors Of Data Centers Office Buildings And Other Air Conditioned Structures."

8. The USPTO granted an application to reissue the '999 Patent. On October 26, 2010, the USPTO duly and legally reissued United States Patent No. RE41863 to Arthur T. Sempliner et al., for an invention entitled "Toolless, Self Closing Floor Grommet Closure For Cable Openings And the Like In Raised Floors Of Data Centers Office Buildings And Other Air Conditioned Structures," ('863 Reissued Patent). The '863 Reissued Patent includes Claims 1-40. The term of the Patent extends to September 13, 2022. As used herein, the term "Asserted Patents" shall collectively refer to both the '999 Patent and the '863 Reissued Patent.

9. Inventors Jonathan Brill, Kenneth Brill, Robert Sullivan, William Pitt Turner assigned all patent rights in their invention to Triton Technology Systems, Inc., and the assignment was recorded on January 6, 2003 at the USPTO on Reel/Frame 013637/0740. The

inventor Arthur T. Sempliner also assigned all rights to Triton Technology Systems, Inc., and on October 13, 2005, the assignment was recorded at the USPTO on Reel/Frame 016883/0230.

10.   Triton Technology Systems, Inc. in turn assigned all patent rights to Upsite Technologies, Inc., the assignment was recorded at the USPTO on May 29, 2007 on Reel/Frame 019254/0359.

11.   On March 2, 2007, Triton Technology Systems, Inc. changed its name to Upsite Technologies, Inc.

12.   As such, Upsite Technologies, Inc. has one hundred percent (100%) ownership of the '999 patent and the '863 Reissued Patent.

## BACKGROUND

13.   Defendant has launched brush seal closure for raised computer floor cable entrance products. Defendant is involved with a variety of equipment suppliers and installers.

14.   Defendant, at all times mentioned herein, has been, and is now, in the business of offering for sale, marketing, manufacturing, selling and distributing brush seal closure for raised computer floor cable entrance products particularly grommets for cable opening of a computer floor cable entrance.

15.   Defendant has not received authorization, nor obtained a license, from Upsite Technologies to any grommets and cable cut-outs products.

16.   Despite receiving notice of its infringing activities, Defendant has continuously manufactured, sold, offered for sale, and/or imported for sale into the United States grommets and cable cut-outs products.

17.   Defendant is a competitor of Plaintiff.

18.     Upon information and belief, Defendant has sold or distributed its infringing product directly to Plaintiff's potential customers.

19.     Additionally, Plaintiff applied to reissue the '999 Patent on October 13, 2005. The application to reissue was assigned Ser. No. 11/250,137 ('137 Application). During the examination of the '137 Application, certain claims were rejected. The rejected claims were divided out of the '137 Application and are now being pursued in a divisional patent application, Ser. No. 12/626,627 ('627 Application). Claims of the '137 Application have been allowed, and issued into Claims 1-40 of the '863 Reissued Patent. At the present time, some, but not all of the claims of the '627 Application have been allowed and, as such, the '627 Application is not ripe for inclusion in this Complaint.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY SEALEZE)

20.     Plaintiff realleges and incorporates by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

21.     Defendant offers for sale brush seal closure for raised computer floor cable entrance products.

22.     Upon information and belief, Defendant, makes, uses, offers to sell, or sells brush seal closure for raised computer floor cable entrance products.

23.     Plaintiff is the sole owner of the entire right, title, and interest in the Asserted Patents.

24.     Upon information and belief, Defendant has been and is now infringing, actively inducing the infringement of, and/or contributing to the infringement of one or more claims of the Asserted Patents by making, using, offering to sell, or selling grommets and cable cut-outs products.

25. Upon information and belief, Defendant, continues to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the Asserted Patents by making, using, offering to sell, or selling grommets and cable cut-outs products.

26. The Defendant's infringement of the Asserted Patents has been and is willful.

27. The Defendant's infringement has caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## SECOND CLAIM
## (UNJUST ENRICHMENT)

28. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs 1-27 as though the same were fully set forth at length herein.

29. This cause of action arises under the common law.

30. By the acts and activities of Defendant complained of herein, Defendant has been unjustly enriched.

31. Defendant's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its grommets and cable cut-outs, its business, reputation, and good will.

32. On information and belief, Defendant will continue to infringe Plaintiff's valuable right in its grommets and cable cut-outs products to the detriment of Plaintiff unless restrained by this Court.

33. Plaintiff has suffered and is continuing to suffer irreparable injury for which there is no adequate remedy at law.

34. Plaintiff's damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

(1) Enter an order, pursuant to 35 U.S.C. §283, preliminarily and permanently enjoining Defendant, its officers, directors, agents, employees and all persons in active concert or participation with it who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting infringing, contributing to the infringement and/or actively inducing the infringement of the Asserted Patents.

(2) That Defendant be required to deliver up to Plaintiff for destruction, at Defendants' expense, all the infringing products as complained of herein.

(3) Adjudge that Defendant's infringement has been and is willful.

(4) Order Defendant to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement of the Asserted Patents, together with interest and costs of suit pursuant to 35 U.S.C. § 284.

(5) Award Plaintiff enhanced damages up to treble the amount found or assessed pursuant to 35 U.S.C. § 284 in light of Defendant's deliberate and willful infringement of the Asserted Patents.

(6) Declare this case "exceptional" and award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

(7) That Defendant be required to pay to Plaintiff damages to compensate Plaintiff for Defendant's unjust enrichment.

(8) That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendant so as to prevent fraud on the Court and so as to ensure the capacity of Defendant to pay, and the prompt payment of, any judgment entered against Defendant in this action.

(9) That Plaintiff be awarded compensatory damages.

(10) That Plaintiff be awarded punitive damages.

(11)  That Plaintiff be awarded its attorney's fees and the costs of this action.

(12)  Grant Plaintiff such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues of fact.

Dated:  October 13, 2010          Respectfully submitted by:

*/s/ Camille M. Miller*

Camille M. Miller
Kyle Vos Strache
Cozen O'Connor, P.C.
1900 Market Street
Philadelphia, PA  19103
Telephone:  215.665.7273
Facsimile:  215.701.2273
E-Mail:  cmiller@cozen.com

John MacPete
Robin Barnes
Locke Lord Bissell & Liddell LLP
220 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214-740-8662
Facsimile: 214-756-8662
jmacpete@lockelord.com

Attorneys for Plaintiff
Upsite Technologies, Inc.